**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SHAWN M. THOMAS,** ) | **CASE NO. 1:14 CV 2127** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **DAMON T. HININGER,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

*Pro se* Plaintiff Shawn Thomas, a state prisoner proceeding *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. §1983 against Corrections Corporation of America ("CCA"); CCA's Chief Executive Officer, Damon T. Hininger; and thirteen correctional officers and employees of the Lake Erie Correctional Institution ("LECI"), where the Plaintiff was incarcerated from June 21, 2012 until July 9, 2014.[1] The LECI employees named as Defendants are: Warden Barry Goodrich; Deputy Warden Christopher Chestnut; Chief of Security Mr. Rogers; "Nurse" Foster;

---

[1] The Plaintiff is not a stranger to civil rights litigation, having pursued two other lawsuits in this District alleging violations of his constitutional rights while incarcerated. *See Thomas v. Denno*, Case No. 4: 10 CV 2723 (N.D. Ohio 2010) and *Thomas v. Denno*, Case No. 4: 13 CV 1469 (N.D. Ohio 2013).

Health Care Administrator Linda Gillespie; Segregation Officers Mr. Allen, Mr. Pontario, Mr. Meli, Mr. Dibble, Mr. Loudermilk, Mr. Gregory Brown, and Mr. Tobias; and Segregation Unit Sergeant Mr. Scimenes. The Plaintiff seeks damages and injunctive and declaratory relief for alleged violations of his constitutional rights. For the reasons stated below, his Complaint is dismissed.

### Factual Allegations

The Plaintiff complains of three "incidents" that occurred during his incarceration at LECI: an "Incident from September 30, 2012 - October 7, 2012"; an "Incident from July 15, 2013"; and an "Incident from March 20, 2014."

**1. "Incident from September 30, 2012 - October 7, 2012."**

The Plaintiff alleges he was assaulted by other inmates on September 30, 2012, from which he sustained two black eyes, severe bruising, and a laceration on the bridge of his nose, and after which he was the only inmate to be placed in the segregation unit. (Doc. No. 1 at p. 10.) He alleges this assault was due to "the uncontrollable environment" at LECI and that Defendants Hininger, Rogers, Goodrich, and Chestnut had responsibility for, but negligently failed to maintain, a safe environment. (*Id*.)

He alleges he was denied proper medical care after the assault, alleging that he "was given an ice bag for his injury," but "Nurse Ms. Foster . . . failed to properly subject the plaintiff to the proper medical treatment as no x-rays were taken or scheduled . . . and the plaintiff was taken to the segregation unit instead of being held in the medical unit temporary." (*Id*. at p. 11.) He filed complaints with Defendant Gillespie regarding the medical staff's negligence in treating him, but "nothing was ever done to ensure his medical needs could or would be looked into properly in a timely fashion." (*Id*. at 11-12.)

He alleges "Mr. William Potter," the "Captain" of LECI (who is not named as a Defendant in the case), assaulted him after he requested to speak to a "higher up" staff member when he was placed in the pre-segregation unit. Potter allegedly refused to hear anything the Plaintiff had to say and sprayed the Plaintiff with an excessive amount of pepper spray after the Plaintiff became "verbally belligerent" and refused to change out of his clothing. The Plaintiff contends Potter should not have used pepper spray to subdue him but should have left him "alone until the situation calmed down." (*Id*. at 12.)

Finally, he alleges the segregation cell into which he was placed for seven days was filthy, unsanitary and unhygienic and that he was denied writing and legal materials while housed there. He alleges he was forced to cell with two other prisoners and subjected to sleeping on the floor without a plastic boat (with only a blanket, sheet, and mattress) two to three feet from where the toilet and shower continually splashed on the floor and his bedding. He "advised" the Officers listed "in paragraph (L) (5, 6, 7, 9, 10, 11, and 14)" of his Complaint[2] that he "needed his writing materials and legal work, hygiene and some clothing out of his down range pack because it was so cold in the cell [but] none of these officers would retrieve these items" for him. (*Id*. at 13-14.)

**2. Incident from July 15, 2013.**

The Plaintiff alleges he "caught" Defendant Meli looking up prisoners on a computer with other prisoners standing behind him observing the information. The Plaintiff filed a complaint about Meli's conduct because other prisoners later "approached" him about the offense for which he was

---

[2] Defendants Rogers, Allen, Pontario, Dibble, Loudermilk, and Brown are identified in this portion of the Plaintiff's Complaint.

convicted. (*Id*. at 15.) He alleges that, due to the "negligent disregard" of Officer Meli for his safety, he was assaulted by other prisoners and sustained injuries. Although he acknowledges the grievance he filed regarding Defendant Meli's conduct was granted and that he was moved to another unit to ensure his safety, he asserts that he is "moving against Mr. Meli for personal injury liability as he violated policies to protect prisoners and violated the plaintiff's right to equal protection." (*Id*. at 16-17.) In addition, he alleges that when he was being moved to a safer unit, Officers "Baites" and "Severino" (who are not named as Defendants) failed to pack his property in a timely manner and his property was stolen.

### 3. "Incident from March 20, 2014"

The Plaintiff alleges Defendants Scimenes and Tobias violated his constitutional rights by refusing to give him "his requested legal papers and his writing materials to write his family and friends and attorney's" when he was placed in segregation for the third time, in March 2014. (*Id*. at 18.)

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), 28 U.S.C. §§1915(e) and 1915A require district courts to dismiss *in forma pauperis* actions and actions by prisoners against government employees that fail to state a claim on which relief can be granted. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A plaintiff's complaint fails to state claim on which relief may be granted when the alleged claims lack "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). Factual allegations in a complaint must be sufficient to raise the right to relief above the speculative level, assuming all the allegations in the complaint are true. *Id*. at 555. While a plaintiff is not required

to include detailed factual allegations, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief. *Id*. at 677-78.

"[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must . . . allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp*., 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). Additionally, liability may not be imposed under §1983 on the basis of *respondeat superior*. *Iqbal*, 556 U.S. at 676. To state a claim against a government official, a plaintiff must demonstrate that the official "through the individual's own actions, has violated the Constitution." *Id*. A corporation operating a prison may be liable only if the corporation had a policy or custom that violated the plaintiff's constitutional rights. *See Street v. Corrections Corporation of America*, 102 F.3d 810, 818 (6th Cir. 1996).

### Analysis

The Plaintiff's Complaint fails to state a claim on which relief may be granted against any Defendant under §1983.[3]

The Plaintiff has not alleged a viable constitutional claim against Defendants Hininger, Rogers, Goodrich, and Chestnut. Prison officials have a duty under the Eighth Amendment to "take

---

[3]To state a claim under §1983, a plaintiff must allege he suffered a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

reasonable measures to guarantee the safety of inmates," including taking reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotations omitted). However, prison officials do not violate a prisoner's rights under the Eighth Amendment every time a prisoner inflicts injury on another. *Id*. at 834. A prison official may be liable only if the plaintiff proves both an objective and a subjective component. *Id*. "An official is deliberately indifferent if he or she 'knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.' " *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir.2011) (citing *Farmer*, 511 U.S. at 837). The Plaintiff has not alleged facts indicating Defendants Hininger, Rogers, Goodrich and Chestnut acted with "deliberate indifference" to a substantial risk of harm to him. A negligent failure to prevent an attack by other inmates, as the Plaintiff alleges against these Defendants, is insufficient to state a claim. *See Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights).

The Plaintiff also has not alleged any basis to impose liability on CCA. He alleges CCA owns LECI and that Hininger is CCA's CEO, but he does not allege CCA itself had a policy or custom that violated his rights.

Nor has the Plaintiff alleged a viable constitutional claim against Defendants Foster and Gillespie. To make out a constitutional claim under the Eighth Amendment for inadequate medical care, a prisoner must allege facts "establish[ing] the existence of a sufficiently serious medical need. Seriousness is measured objectively, in response to contemporary standards of decency." *Reilly v.*

*Vadlamaudi*, 680 F.3d 617, 624 (6th Cir. 2012) (internal quotation marks and citations omitted). *See also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The prisoner must also "show that prison officials have a sufficiently culpable state of mind in denying medical care." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (quotation marks omitted). The "plaintiff must [allege] that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Id*.

The Plaintiff alleges he suffers from "slight" breathing problems and scars as a result of the attack on him by other prisoners and that he received some care after the attack. (Doc. No. 1 at pp. 11-12.). Although the Plaintiff contends he should have been given more medical attention, his allegations are insufficient to demonstrate either that he had a "serious medical need," or that Defendants Foster or Gillespie were subjectively, "deliberately indifferent" to that need. A prisoner's disagreement with the treatment and diagnosis he receives does not support a constitutional claim. Rather, where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

The Plaintiff has not alleged any plausible claim in the case based on the alleged conduct of "Mr. Potter" or Officers "Baites" and "Severino." None of these individuals is named as Defendant, and their alleged conduct is insufficient to impose liability on any named Defendant under §1983.

The Plaintiff has not alleged a viable constitutional claim against Defendants Rogers, Allen, Pontario, Dibble, Loudermilk, Brown, Scimenes and Tobias. His allegations that these Defendants refused his requests for writing and legal materials while he was confined in segregation do not rise

to the level of a constitutional deprivation. Although prisoners have a constitutional right of access to the courts, including access to legal and writing materials, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), the right of access to legal resources and materials is not unlimited. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). To state a constitutional claim, a plaintiff must plead and demonstrate that his lack of access to such materials hindered his efforts to pursue a nonfrivolous legal claim. *Id*. at 351-53; accord *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). The Plaintiff does not allege he was hindered in his ability to pursue a nonfrivolous legal claim on direct appeal or in a *habeas corpus* or civil rights action.

The Plaintiff's allegations that he was subjected to an overcrowded, cold and unsanitary cell while in segregation are also insufficient to state a constitutional claim against the named Defendants. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Eighth Amendment is violated only when a prisoner is deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner is not denied such necessities when he is exposed to unsanitary conditions that do not result in physical injury to him for a limited period of time. *See, e.g., White v. Nix*, 7 F.3d 120 (8th Cir. 1993) (eleven day stay in unsanitary cell not unconstitutional); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988 (five day stay in filthy cell not unconstitutional); *Crump v. Janz*, No. 1: 10 CV 583, 2010 WL 2854266, at *4 (W.D. Mich. July 19, 2010) (Eighth Amendment not violated where inmate alleged he was denied hygiene items, postage, typing and carbon paper and envelopes for 35 days). The conditions the Plaintiff alleges he was forced to endure in segregation do not rise to the level of cruel and unusual punishment given that the conditions were temporary and the Plaintiff does not allege they resulted in

-8-

physical harm to him.

Finally, the Plaintiff has not stated a plausible §1983 claim against Defendant Meli in connection with the "incident from March 20, 2014." While prison officials have a duty under the Eighth Amendment to protect prisoners from substantial risks to their safety, a prison official may only be liable under §1983 for acting with "deliberate indifference" to an inmate's health or safety. *Farmer*, 411 U.S. at 834. A "negligent disregard" of a risk to an inmate, as the Plaintiff alleges against Meli, is insufficient to state a constitutional, "deliberate indifference" claim. In order to state a constitutional claim for a denial of equal protection, a §1983 plaintiff must allege a state actor intentionally discriminated against him because of his membership in a protected class. *Carnes v. Engler*, 76 Fed. App'x 79, 81 (6th Cir. 2003). "[P]risoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). The Plaintiff does not allege that he is a member of a protected class, or that Meli discriminated against him on such basis; accordingly, he has failed to state a claim that Meli violated his right to "equal protection."

## Conclusion

For all of the reasons stated above, the Plaintiff's Complaint fails to state a claim on which relief may be granted under §1983 and the Complaint is dismissed pursuant to 28 U.S.C. §§1915(e)(2) and 1915A. This Court declines to exercise supplemental jurisdiction over any state-law claim the Plaintiff purports to allege in the absence of a viable federal claim. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                          s/ Christopher A. Boyko
                                                          CHRISTOPHER A. BOYKO
                                                          UNITED STATES DISTRICT JUDGE

DATED: April 8, 2015