UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| SHAWN M. THOMAS, | ) | 1:14CV2127 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| CHAD ROGERS, | ) | |
| | ) | <u>MEMORANDUM AND ORDER</u> |
| Defendant. | ) | |
| | ) | |

McHARGH, MAG. J.

The pro se Plaintiff, Shawn M. Thomas, ("Thomas,") has filed a motion for appointment of counsel under 28 U.S.C. § 1915(e)(1) because he claims he is unable to afford counsel, his imprisonment greatly impairs his ability to litigate, and a lawyer can better help him prepare for discovery. (Doc. 17 at 1,2).

"Appointment of counsel in a civil case is not a constitutional right." *Roane v. Larose*, No. 4:14CV1779, 2016 WL 1156347, at \*3 (N.D. Oh. Mar. 24, 2016); *Bennett v. Smith*, 110 Fed.Appx. 633, 635, (6th Cir. 2004); *See also Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Weaver v. Moamis*, No. 4:14cv311, 2014 WL 4425742, at \*3 (N.D. Oh. Sept. 8, 2014); *Goudlock v. Blankenship*, No. 1:13cv1215, 2014 WL 320386, at \*6 (N.D. Oh. Jan. 29, 2014). Appointment of counsel "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

To determine if exceptional circumstances exist, courts examine: 1) Plaintiff's ability to represent himself; 2) Plaintiff's prior efforts to obtain counsel; 3) the complexity of the factual and legal issues involved; and 4) the merits of Plaintiff's claim. *See Lavado*, 992 F.2d at 606; *see also Weaver v. Moamis*, No. 4:14cv311, 2014 WL 4425742, at \*4. Appointment of counsel is not

appropriate when a pro se plaintiff's claims are frivolous or when the plaintiff's chances of success are slim. *See Lavado v. Keohane*, 992 F.2d 601, 606, (6th Cir. 1993). Furthermore, a district court may deny a pro se plaintiff's motion if he or she successfully maintained an appeal. *Maddox v. City of Shaker Heights, Ohio*, No. 1:12 CV 1828, 2013 WL 6626836, at *2 (N.D. Ohio Dec. 16, 2013). The district court uses discretion when deciding whether to appoint a civil litigant with counsel, and "this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights." *Lavado*, 992 F.2d at 604-605 (internal quotations omitted).

Thomas has demonstrated that his imprisonment has not significantly impaired his ability to adequately represent himself. As a pro se plaintiff, Thomas filed the lawsuit, filed and maintained a successful appeal, filed a motion to amend and effectively amended the complaint. Thomas is capable of representing himself because he has shown the ability to express himself clearly and concisely. *See Baldwin v. Croft,* No. 3:12 CV 1867, 2012 WL 5987048, at *7 (N.D. Oh. Nov. 29, 2012); *Goudlock v. Blankenship*, No. 1:13cv1215, 2014 WL 320386, at *6 (N.D. Ohio Jan. 29, 2014). Although Thomas exerted efforts to obtain his own counsel without success, demonstrated by the letters attached to this motion, Thomas competently pursued his claim by himself thus far, so the court does not see a compelling reason for appointing counsel now.

Next, the factual and legal issues are not particularly complex. Thomas' claims have become significantly less complex than the original lawsuit he filed. Instead of multiple defendants with multiple issues, Thomas now has one claim against one defendant under 42 U.S.C. § 1983, which requires Thomas to show: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Because the

Sixth Circuit narrowed Plaintiff's factual and legal issues, the case is not complex enough to require appointing counsel. Thomas will need to perform discovery to fully litigate his case, but the discovery should not be expansive enough to require an attorney. Lastly, Thomas' claims seem facially plausible. The Sixth Circuit Court of Appeals determined Thomas "sufficiently state[ed] a claim for unsanitary conditions" and believed Thomas stated a claim for relief on that basis. *Thomas v. Hininger, et al.*, No. 15-3547, slip op. at 5-6. (6th Cir. Apr. 18, 2016).

In conclusion, although Thomas' claim appears facially plausible, the factual and legal issues are not significantly complex nor has Thomas show an inability to adequately represent himself. Therefore, this court denies Thomas' motion (Doc. 17) for appointment of counsel.

IT IS SO ORDERED.


Dated: May 18, 2016 /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge