UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN M. THOMAS, | ) | |
| | ) | Case No. 1:14CV2127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge Mchargh) |
| CHAD ROGERS, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |

McHARGH, Mag.J.

The plaintiff Shawn M. Thomas filed a prisoner civil rights complaint in this court under 42 U.S.C. § 1983. (Doc. 1.) The court dismissed the complaint sua sponte under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. 4-5.) Thomas appealed from the court's judgment, and the Sixth Circuit vacated the dismissal of one claim, while affirming the dismissal of the remaining claims. (Doc. 12-13.)

The Sixth Circuit summarized the allegations of the complaint, as to the surviving claim, as follows:

> Thomas accused Corrections Corporation of America ("CCA") and more than a dozen of its employees of violating his rights under the First, Eighth, and Fourteenth Amendments. His complaint outlined three

separate incidents[1]. The first – "Incident from September 30, 2012-October 7, 2012" – alleged that Thomas was assaulted by a group of his fellow prisoners at the Lake Erie Correctional Institution ("LECI"). He asserts that the assault was the result of CCA's unsafe policies and customs as well as deliberate indifference to the safety and security of the prison in violation of the Eighth Amendment on the part of defendants CCA CEO and president Damon Hininger, LECI Chief of Security [Chad] Rogers, LECI Warden Barry Goodrich, and LECI Deputy Warden Christopher Chestnut. Following the assault, Thomas was treated by defendant LECI nurse Foster, who refused to admit him to the prison's infirmary or schedule X-rays. Instead, Thomas was sent to the overcrowded segregation unit, where he spent seven nights on a mattress on the floor "no more than [two to three] feet at most from where a toilet and shower continually splashed on the floor . . . prisoners used the toilet . . . [and slept amidst] pubic hairs, dirt, dust, bugs, food particles, and other unsanitary substances." He alleged that Rogers and several other LECI staff members ignored his requests for more hygenic accommodations, in violation of the Eighth Amendment. In addition, Thomas alleged that defendant LECI health care administrator Linda Gillespie refused his requests for additional medical attention despite "two (2) black eyes . . . severe bruising . . . and . . . a severe laceration on the bridge of the nose," again in violation of the Eighth Amendment. Last, Thomas alleged that shortly after the assault, defendant LECI captain William Potter pepper-sprayed him without justification, constituting excessive force under the Eighth Amendment.

(Doc. 18, PX 2; *Thomas v. Hininger*, No. 15-3547 (6th Cir. Feb. 25, 2016) (slip opinion), at 1-2.)

As to the Eighth Amendment claim, the Sixth Circuit found that, to state a violation arising from the conditions of confinement, "a prisoner must plead (1) that 'the failure to protect from risk of harm was objectively sufficiently serious,' and that 'the official acted with deliberate indifference to inmate health or safety.'"

---

[1] Only the allegations concerning the first incident, in part, have survived dismissal.

(Doc. 18, PX 2; *Thomas*, slip op., at 4-5, quoting *Taylor v. Larson*, No. 12-1347, 2012 WL 5861731, at *1 (6th Cir. Nov. 19, 2012) (per curiam).)

This court had dismissed the claim on the ground that the conditions did not deprive Thomas of "the minimal civilized measure of life's necessities." However, the Sixth Circuit pointed out that conditions similar to those of which Thomas complained can pose a sufficiently serious risk of harm for Eighth Amendment purposes. *Thomas*, slip op., at 5, citing cases. The circuit court found that Thomas had stated a plausible claim of deliberate indifference, based on his conditions of confinement, but only as to Rogers, whom Thomas alleged he had notified. *Id.* at 5-6.

The Sixth Circuit vacated the dismissal of the deliberate indifference claim against Rogers, affirmed the dismissal of the remaining Section 1983 claims, and remanded to this court for further proceedings. *Thomas*, slip op., at 7.

After the Sixth Circuit's ruling, Thomas filed a motion to amend his complaint. He stated that his amended complaint would be limited to allegations against the remaining defendant, Rogers. (Doc. 18.)

With leave of court, Thomas filed a first amended complaint against Rogers. (Doc. 22.) Currently before the court is plaintiff's motion for leave to further amend the complaint. (Doc. 28.)

3

MOTION TO AMEND COMPLAINT

Thomas filed the original complaint in this court on Sept. 24, 2014.  (Doc. 1.) After remand from the Sixth Circuit, Thomas filed an amended complaint, entered on May 12, 2016.  (Doc. 22.)  After Rogers filed a motion to dismiss (doc. 24) on June 10, 2016, Thomas filed an opposition to the motion (doc. 27) on Aug. 16, 2016, as well as a motion for leave to further amend his complaint (doc. 28).  Rogers has filed an opposition to the motion for leave.  (Doc. 31.)

In his motion for leave, Thomas states that many of the grounds in the defendants' motion to dismiss could be resolved by his proposed amendments, which he asserts would provide greater specificity.  (Doc. 28, at 1.)  Rogers opposes the further amendment as futile, and in violation of the Civil Rules.  (Doc. 31.)

The Federal Rules of Civil Procedure allow a party to amend a pleading within twenty-one days of serving it, or within 21 days after service of a responsive pleading or a Rule 12 motion.  Fed. R. Civ. P. 15(a).  Here, the defendant has filed a Rule 12 motion to dismiss, and the motion to amend was not filed within 21 days, thus the Rules allow amendment "only with opposing party's written consent or the court's leave." *Id.*  Because the defendant has not consented, the amendment can only be permitted by leave of court.

The Rules state that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a); *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  However, the district court's "discretion to deny leave to amend is

4

particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fidelity Fin. Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986), *cert. denied,* 479 U.S. 1064 (1987) (citing *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.), *cert. denied,* 510 U.S. 868 (1993) (plaintiffs already granted leave to amend); *Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 363 (S.D. N.Y. 2009) (court not required to grant second opportunity to amend).

Here, Thomas was granted leave to file an amended complaint after the Sixth Circuit had already provided its reasoning as to why certain of his claims had been properly dismissed by this court. *See, e.g.*, doc. 18, PX 2; Thomas v. Hininger, No. 15-3547 (6th Cir. Feb. 25, 2016) (slip opinion), at 3 (dismissing claim of failure to make policies to protect inmate safety). Where a plaintiff had previously been granted leave to amend, and had failed to add the requisite particularity to the claims, the district court's discretion to deny leave to amend is particularly broad. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009); *see also Wade*, 993 F.2d at 1249 (failed to cure defects in earlier complaint); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373-374 (9th Cir. 1990); *Fidelity*, 792 F.2d at 1438.

The motion to amend ([doc. 28](doc. 28)) is DENIED.

IT IS SO ORDERED.

Sept. 22, 2016  /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge