UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN M. THOMAS, | ) | |
| | ) | Case No. 1:14CV2127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge Mchargh) |
| CHAD ROGERS, | ) | |
| | ) | |
| Defendant. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The plaintiff Shawn M. Thomas filed a prisoner civil rights complaint in this

court under 42 U.S.C. § 1983.  (Doc. 1.)  The court dismissed the complaint sua

sponte under 28 U.S.C. §§ 1915(e)(2) and 1915A.  (Doc. 4-5.)  Thomas appealed from

the court's judgment, and the Sixth Circuit vacated the dismissal of one claim,

while affirming the dismissal of the remaining claims.  (Doc. 12-13.)

The Sixth Circuit summarized the allegations of the complaint, as to the

surviving claim, as follows:

> Thomas accused Corrections Corporation of America ("CCA") and more
> than a dozen of its employees of violating his rights under the First,
> Eighth, and Fourteenth Amendments.  His complaint outlined three

separate incidents[1].  The first – "Incident from September 30, 2012-October 7, 2012" – alleged that Thomas was assaulted by a group of his fellow prisoners at the Lake Erie Correctional Institution ("LECI").  He asserts that the assault was the result of CCA's unsafe policies and customs as well as deliberate indifference to the safety and security of the prison in violation of the Eighth Amendment on the part of defendants CCA CEO and president Damon Hininger, LECI Chief of Security [Chad] Rogers, LECI Warden Barry Goodrich, and LECI Deputy Warden Christopher Chestnut.  Following the assault, Thomas was treated by defendant LECI nurse Foster, who refused to admit him to the prison's infirmary or schedule X-rays.  Instead, Thomas was sent to the overcrowded segregation unit, where he spent seven nights on a mattress on the floor "no more than [two to three] feet at most from where a toilet and shower continually splashed on the floor . . . prisoners used the toilet . . . [and slept amidst] pubic hairs, dirt, dust, bugs, food particles, and other unsanitary substances."  He alleged that Rogers and several other LECI staff members ignored his requests for more hygenic accommodations, in violation of the Eighth Amendment.  In addition, Thomas alleged that defendant LECI health care administrator Linda Gillespie refused his requests for additional medical attention despite "two (2) black eyes . . . severe bruising . . . and . . . a severe laceration on the bridge of the nose," again in violation of the Eighth Amendment.  Last, Thomas alleged that shortly after the assault, defendant LECI captain William Potter pepper-sprayed him without justification, constituting excessive force under the Eighth Amendment.

(Doc. 18, PX 2; Thomas v. Hininger, No. 15-3547 (6th Cir. Feb. 25, 2016) (slip opinion), at 1-2.)

As to the Eighth Amendment claim, the Sixth Circuit found that, to state a violation arising from the conditions of confinement, "a prisoner must plead (1) that 'the failure to protect from risk of harm was objectively sufficiently serious,' and that 'the official acted with deliberate indifference to inmate health or safety.'"

---

[1]  Only the allegations concerning the first incident, in part, have survived dismissal.

(Doc. 18, PX 2; Thomas, slip op., at 4-5, quoting Taylor v. Larson, No. 12-1347, 2012 WL 5861731, at *1 (6th Cir. Nov. 19, 2012) (per curiam).)

This court had dismissed the claim on the ground that the conditions did not deprive Thomas of "the minimal civilized measure of life's necessities."  However, the Sixth Circuit pointed out that conditions similar to those of which Thomas complained can pose a sufficiently serious risk of harm for Eighth Amendment purposes.  Thomas, slip op., at 5, citing cases.  The circuit court found that Thomas had stated a plausible claim of deliberate indifference, based on his conditions of confinement, but only as to Rogers, whom Thomas alleged he had notified.  Id. at 5-6.

The Sixth Circuit vacated the dismissal of the deliberate indifference claim against Rogers, affirmed the dismissal of the remaining Section 1983 claims, and remanded to this court for further proceedings.  Thomas, slip op., at 7.

After the Sixth Circuit's ruling, Thomas filed a motion to amend his complaint.  He stated that his amended complaint would be limited to allegations against the remaining defendant, Rogers.  (Doc. 18.)

With leave of court, Thomas filed an amended complaint against Rogers.  (Doc. 22.)  Currently before the court is the defendant's motion to dismiss.  (Doc. 24.)

## I. MOTION TO DISMISS

Thomas filed the original complaint in this court on Sept. 24, 2014.  (Doc. 1.)  After remand from the Sixth Circuit, Thomas filed an amended complaint, entered

on May 12, 2016.  (Doc. 22.)  Rogers has filed a motion to dismiss the amended

complaint.  (Doc. 24.)  Thomas filed a memorandum in opposition (doc. 27), and

Rogers filed a reply brief in support (doc. 30).

The Supreme Court's 2007 ruling in Bell Atlantic Corp. v. Twombly, 550 U.S.

554 (2007) abrogated the long-standing standard set out in Conley v. Gibson, 355

U.S. 41, 45-46 (1957), and moved away from the pure notice pleading standards

that had previously been a hallmark of the Civil Rules.  The Twombly Court

asserted:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do.  Factual allegations must be enough to raise a right
> to relief above the speculative level, on the assumption that all the
> allegations in the complaint are true (even if doubtful in fact).

Twombly, 550 U.S. at 555 (citations omitted).  See also Gunasekera v. Irwin, 551

F.3d 461, 466 (6th Cir. 2009); Association of Cleveland Fire Fighters v. City of

Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).

In Ashcroft v. Iqbal, the Court clarified that the new Twombly standard is

not intended to be limited to complicated litigation, such as the antitrust conspiracy

case in Twombly.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court asserted that

the new pleading standards governing Rule 8(a) do not require "detailed factual

allegations," however they do require "factual enhancement."  Iqbal, 556 U.S. at

678.  Only "a complaint that states a plausible claim for relief" will survive a motion

to dismiss.  Id. at 679.

4

The Court summarized its new "plausibility" standard as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. 554).  See, e.g., Amick v. Ohio Dep't of Rehab. & Corr., No. 12-3515, 2013 WL 1223570, at *2 (6th Cir. Mar. 27, 2013); Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (plausibility standard).  In other words, when resolving a motion to dismiss, the court is now required to locate the allegations of the complaint on a possibility – plausibility – probability continuum.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).

The Supreme Court stated that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  Twombly, 550 U.S. at 563 n.8.  The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses.  Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).  Rather, the court is simply to determine "whether a complaint states a plausible claim for relief."  Iqbal, 556 U.S. at 679.

5

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint.  Miller, 50 F.3d at 377.  The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Central States Pension Fund v. Mahoning Nat'l Bank, 112 F.3d 252, 255 (6th Cir. 1997).  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

The allegations of a complaint drafted by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

Rogers moves to dismiss the complaint on several grounds:

(1) it contains claims that were previously alleged by Plaintiff in his original Complaint, dismissed by this Court and affirmed by the Sixth Circuit for failure to state a claim, and are now precluded based on the law of the case;

(2) the new claims raised for the first time in Plaintiff's Amended Complaint are time barred; and

(3) Plaintiff fails to state any claim upon which relief can be granted against Defendant Rogers with regard to the remaining claims.

(Doc. 24.)

## A.  Previously Dismissed Claims

Rogers contends that Thomas re-alleges several claims from the original complaint that were previously dismissed, and affirmed on appeal.  (Doc. 24, at 3.) Rogers points out that the law of the case would prevent continued litigation of issues which have already been settled.  Id. (citing United States v. Campbell, 168 F.3d 263, 265 (6th Cir.), cert. denied, 528 U.S. 882 (1999); EEOC v United Ass'n of Journeymen, 235 F.3d 244, 249 (6th Cir. 2000), cert. denied, 534 U.S. 987 (2001); and other cases).

The first hurdle in addressing the amended complaint is that Thomas does not set forth discrete claims in the amended complaint.  The first paragraph of the amended complaint alleged that the suit was filed pursuant to 42 U.S.C. § 1983. (Doc. 22, at 1.)  In his "Introduction of his Preliminary Statements," he lists the following:

1.  Punitive relief and damages;

2.  Constitutional relief and damages;

3.  Injunctive and declaratory reliefs;

4.  Mental and Emotional anguish, and relief and damages therefor;

5.  Compensatory relief and damages;

6.  Personal injury damages;

7.  Pain and suffering relief and damages;

8. Intentional infliction of emotional distress and damages;

9.  Deliberate indifference claim; [and,]

7

10.  Monetary relief and damages.

(Doc. 22, at 2-3.)  Later, he sets forth a jurisdictional statement, claiming jurisdiction under the Eighth and Fourteenth Amendments; 28 U.S.C. §§ 1343, 2201, 2202, 1367, 1923, 1331, and 1332; as well as 42 U.S.C. § 1988.  Id. at 4-5.

The only claim which receives any specific detailed treatment is that labeled "Conditions in the Cell."  (Doc. 22, ¶¶ 25-47.)  This is the Eighth Amendment claim, which the Sixth Circuit found that the original complaint had stated a plausible claim of deliberate indifference based on conditions of confinement, although only as to Rogers.  (Doc. 18, PX 2; Thomas, slip op., at 5-6.)

In the "Facts" section of the amended complaint, Thomas alleges that he was pepper-sprayed in the face.  (Doc. 22, ¶ 23.)  Rogers contends that this claim was raised in the original complaint, was dismissed, and that the Sixth Circuit found that the excessive force claim was correctly dismissed.  The court found that it could not be said that the use of pepper spray was in bad faith or lacked a disciplinary motive.  (Doc. 24, at 4, citing Thomas, slip op., at 4.)  This claim cannot be resurrected in the amended complaint, and should be dismissed.

In the "Conditions in the Cell" section of the amended complaint, Thomas alleges that he was not given any medical treatment, despite his requests, and that he received no attention for his "blurred vision and skull fracture."  (Doc. 22, ¶¶ 27, 31.)  Again, Rogers points out that the original complaint had also alleged that Thomas was not provided proper medical treatment for injuries from the assault, and that his complaints about the medical treatment were ignored.  (Doc. 24, at 4.)

8

The court of appeals affirmed this court's dismissal of those claims, finding that Thomas' allegations had failed to make out a facially plausible deliberate indifference (to serious medical needs) claim.  Thomas, slip op., at 4.  This claim also cannot be resurrected in the amended complaint, and should be dismissed.

Also in the "Conditions in the Cell" section of the amended complaint, Thomas alleges that he requested his legal paperwork and notes, that they were not provided, and as a result his ability to pursue his legal claims was handicapped. (Doc. 22, ¶¶ 45-46.)  The original complaint included an access-to-the-courts claim that other defendants failed to provide him with his legal paperwork.  The Sixth Circuit affirmed the dismissal of this claim, finding Thomas failed to adequately allege harm.  Thomas, slip op., at 6.

Thomas now alleges that the failure to be provided with his paperwork resulted in his not being able to properly prepare his original complaint (and thus avoid the subsequent dismissal).  (Doc. 22, ¶ 46.)  Rogers argues that Thomas has failed to identify which of his claims would have survived with additional detailed support.  (Doc. 24, at 5-6.)

More importantly, however, the amended complaint does not allege that defendant Rogers failed to provide the requested legal paperwork.  The original complaint identified Scimenes and Tobias (only) as the individuals responsible for failing to provide his legal papers.  (Doc. 1, at 18-19.)  The amended complaint does not name either of those individuals as defendants, and does not allege any

involvement, concerning his legal paperwork, on the part of Rogers.  The access to the courts claim should be dismissed.

### B.  New Claims arising out of Placement in Segregation

Rogers contends that the amended complaint contains a number of "new claims" arising out of Thomas' placement in segregation from Sept. 30, 2012, to Oct. 7, 2012, that could have been raised in the original complaint, but were not.  (Doc. 24, at 6.)  Rogers argues that the "new claims" relating to Thomas' conditions of confinement accrued, at the latest, on October 7, 2012, thus the amended complaint filed on May 12, 2016, was untimely, as to those "new claims."  (Doc. 24, at 7.)

The statute of limitations for Section 1983 actions arising in Ohio is two years.  Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir. 2003); Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).  Rogers does not contest that the original complaint was timely filed in this court.  (Doc. 1.)

Any "new claims" in the amended complaint which accrued on October 7, 2012, would be untimely, unless the amendment relates back.  In relevant part, Civil Rule 15(c) provides that an amended complaint may relate back to the original filing date when " the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out — in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

Although Rogers characterizes the allegations as "new claims," the court finds that the (additional) facts that Thomas alleges in his allegations concerning "Conditions in the Cell," are not new claims, but rather amplify the existing claim of

10

deliberate indifference, based on conditions of confinement, against Rogers.  These include allegations that other inmates were violent and screaming, that there was a residue of pepper spray on his body, that the food provided was inadequate, that other inmates were smoking, and so forth.  (Doc. 24, at 6-7, citing doc. 22, ¶¶ 25-26, 29-30, 35, 40, 42-44, 47.)

Rogers concedes that all these allegations relate to Thomas' conditions of confinement.  (Doc. 24, at 7.)  Thus, even if these allegations were construed to be "new claims," rather than simply additional factual allegations in support of an already existing claim, they would relate back to the filing of the original complaint as claims "that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out — in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

The motion to dismiss should be denied as to this theory.

## C.  Failure to State a Claim against Rogers?

Rogers contends that the amended complaint should be dismissed because it fails to state a claim against him.  (Doc. 24, at 8-10.)  Rogers asserts that the amended complaint contains no allegations that Rogers directly participated in the alleged violations with respect to the conditions of confinement, and his liability cannot be based on respondeat superior.  Id. at 8.

To prove a claim under 42 U.S.C. § 1983, the plaintiff must identify a right secured by the Constitution or laws of the United States, and the deprivation of that right by a person acting under color of state law.  Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994).  The Sixth Circuit here stated that, for an Eighth

11

Amendment violation arising from the conditions of confinement, "a prisoner must plead (1) that 'the failure to protect from risk of harm was objectively sufficiently serious,' and that 'the official acted with deliberate indifference to inmate health or safety.'" (Doc. 18, PX 2; Thomas, slip op., at 4-5, quoting Taylor, 2012 WL 5861731, at *1.)

Rogers argues that the amended complaint contains no allegations that he directly participated in the alleged violations with respect to the conditions of confinement.  (Doc. 24, at 8.)  Just as the law of the case leads to a determination that certain of the claims of the original complaint could not survive in the amended complaint, likewise the Sixth Circuit's previous ruling on this claim should lead to a denial of the motion to dismiss on this issue.

The first element of the claim is that the prisoner must plead that the failure to protect from risk of harm was objectively sufficiently serious.  The court of appeals pointed out that "conditions similar to those of which Thomas complained can pose a sufficiently serious risk of harm for Eighth Amendment purposes." Thomas, slip op., at 5.  In the amended complaint, Thomas has alleged additional facts pertaining to the conditions of his confinement.  (Doc. 22, ¶¶ 25-44.)  The Sixth Circuit determined that Thomas had stated a claim for relief based on the lesser facts of the original complaint.  Thomas, slip op., at 5.  The court should find that Thomas has sufficiently pleaded the first element.

As to the second element of the Eighth Amendment claim, the prisoner must plead that the official (here, Rogers) acted with deliberate indifference to the

inmate's health or safety.  The amended complaint alleges that Rogers was fully aware and knew of the conditions in the segregation cell that Thomas complained of, and did not respond at all to Thomas' administrative complaints.  The amended complaint alleges that Rogers acted, or failed to act, with deliberate indifference to the conditions at issue.  (Doc. 22, at p. 2; see also ¶¶ 14, 17, 19-20.)  The Sixth Circuit had found that Thomas had notified Rogers of his situation, and had made out a facially plausible claim of deliberate indifference against Rogers.  Thomas, slip op., at 6.  The motion to dismiss should not be granted as to the Eighth Amendment claim, arising from the conditions of confinement.

Finally, Rogers argues that any failure-to-train claim must be dismissed because there is no allegation that Rogers was a policymaker, with respect to the training offered to institutional staff, or that he was on notice of a particular omission in a training program which resulted in a violation of inmates' rights.  (Doc. 24, at 8-10, citing Connick v. Thompson, 563 U.S. 51, 61-62 (2011).)  The Sixth Circuit noted that the original complaint alleged that Rogers and other defendants "had a custom of failing to make policies . . .  to protect prisoners' safety."  (Doc. 18, PX 2; Thomas v. Hininger, No. 15-3547 (6th Cir. Feb. 25, 2016) (slip opinion), at 3.  The court dismissed the claim as insufficient, finding that Thomas had provided no factual support for his conclusory allegations, nor did he identify any specific relevant policies.  Id.  The amended complaint is similarly deficient, see doc. 22, at ¶ 18, and the motion to dismiss should be granted as to any failure-to-train claim.

13

## SUMMARY

The motion to dismiss (doc. 24) should be granted in part, and denied in part. The motion should be granted as to several claims (e.g., excessive force, deliberate indifference to serious medical needs, access to courts) which appeared in the original complaint, were previously dismissed, and affirmed on appeal, as discussed above.

The motion to dismiss should not be granted as to "new claims," or rather, additional factual allegations concerning the conditions of confinement, which relate back to the original complaint.  The motion to dismiss should be denied as to the Eighth Amendment claim against Rogers, arising from the conditions of confinement.

## RECOMMENDATION

For the reasons set forth above, the motion to dismiss (doc. 24) should be granted in part, and denied in part, as discussed above.


Dated:   Sept. 22, 2016              /s/ Kenneth S. McHargh
                                     Kenneth S. McHargh
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).