UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN M. THOMAS, | ) | Case No. 1:14CV2127 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| CHAD ROGERS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

The plaintiff Shawn M. Thomas has filed an amended prisoner civil rights complaint in this court under 42 U.S.C. § 1983. (R. 22.) Currently before the court is Thomas' second motion[1] for appointment of counsel (R. 40), which is opposed by the defendant (R. 41).

This court had dismissed the original complaint *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A. (R. 4.) Thomas appealed from the court's judgment, and the Sixth Circuit vacated the dismissal of one claim, while affirming the dismissal of the remaining claims. (R. 12-13.)

Following remand, Thomas filed an amended complaint, with leave of court, against Rogers. (R. 22.) Rogers moved to dismiss the amended complaint, and the court granted the motion in part, and denied the motion in part. (R. 36; *see also* R. 33.) The motion was denied as to additional factual allegations, which related back to the original complaint, concerning the

---

[1] The first motion for appointment of counsel (R. 17) was denied on May 18, 2016. (R. 23.)

conditions of confinement, and denied as to the Eighth Amendment claim against Rogers, arising from the conditions of confinement. (R. 36, PageID #: 394; *see also* R. 33, PageID #: 382-383, 384-385.)

The amended complaint is based on the same events as the original complaint, which the Sixth Circuit summarized, in relevant part, as follows:

> Thomas accused Corrections Corporation of America ("CCA") and more than a dozen of its employees of violating his rights under the First, Eighth, and Fourteenth Amendments. His complaint outlined three separate incidents[2]. The first – "Incident from September 30, 2012- October 7, 2012" – alleged that Thomas was assaulted by a group of his fellow prisoners at the Lake Erie Correctional Institution ("LECI"). He asserts that the assault was the result of CCA's unsafe policies and customs as well as deliberate indifference to the safety and security of the prison in violation of the Eighth Amendment on the part of defendants CCA CEO and president Damon Hininger, LECI Chief of Security [Chad] Rogers, LECI Warden Barry Goodrich, and LECI Deputy Warden Christopher Chestnut. Following the assault, Thomas was treated by defendant LECI nurse Foster, who refused to admit him to the prison's infirmary or schedule X-rays. Instead, Thomas was sent to the overcrowded segregation unit, where he spent seven nights on a mattress on the floor "no more than [two to three] feet at most from where a toilet and shower continually splashed on the floor . . . prisoners used the toilet . . . [and slept amidst] pubic hairs, dirt, dust, bugs, food particles, and other unsanitary substances." He alleged that Rogers and several other LECI staff members ignored his requests for more hygenic accommodations, in violation of the Eighth Amendment.

(Doc. 18, PX 2; *Thomas v. Hininger*, No. 15-3547 (6th Cir. Feb. 25, 2016) (slip opinion), at 1-2.) As noted above, the amended complaint contained additional factual allegations concerning the conditions of confinement. (R. 22, PageID #: 241-244; *see also* R. 33, PageID #: 382-383.) It, however, raises non-complex legal and factual issues.

The motion for counsel is denied on the same basis as Thomas' earlier motion. *See generally* R. 23, and cases cited therein. "It is well-established that although *pro se* civil litigants

---

[2] Only the allegations concerning the first incident, in part, have survived dismissal.

have no right to the appointment of counsel, courts retain the discretion to appoint counsel in 'exceptional circumstances.'" *Maddox v. City of Shaker Heights, Ohio*, No. 1:12 CV 1828, 2013 WL 6626836, at *2 (N.D. Ohio Dec. 16, 2013). "When evaluating whether appointment of counsel is warranted, courts generally examine the nature of the case, the plaintiff's ability to prosecute the case in a pro se capacity and the 'complexity of the factual and legal issues involved.'" *Shavers v. Burgh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). Thomas has demonstrated the ability to represent himself and an understanding of the factual and legal issues. Thomas filed his complaint *pro* se, pursued a successful appeal to the Sixth Circuit, and has successfully defended his action against the defendant's motion to dismiss his amended complaint.

Thomas's action and his motion do not raise exceptional circumstances to support appointment of counsel. Thomas's present motion raises concerns about access to his legal materials at the correctional institution. (R. 40, PageID #: 409, 412.) The court has no jurisdiction over the correctional policies, but notes that Thomas, as he has on multiple occasions throughout this litigation, may move the court for a reasonable extension of time should he need additional time to respond to motions or court deadlines.

The motion for appointment of counsel (R. 40) is DENIED.


IT IS SO ORDERED.

September 18, 2017                    /s/ David A. Ruiz
                                      David A. Ruiz
                                      United States Magistrate Judge